UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TAE CHUNG,

              Plaintiff,                    No. CIV. S- 09-2434 FCD DAD

     v.                          **ORDER IMPOSING SANCTIONS AND**
                                                  **DISMISSING CASE**

SAXON MORTGAGE SERVICES, INC.,
et. al.,

              Defendants.
_____/

      On November 16, 2009, plaintiff's counsel, Timothy D. Thurman, was ordered to show cause why he should not be sanctioned in the amount of $500.00 for his continual failure to file an opposition or notice of non-opposition to defendants' motions to dismiss in compliance with Local Rule 230(c). The court ordered counsel to file his response to the Order to Show Cause and pending motions on or before January 15, 2010.  Mr. Thurman has failed to file any response. The court's November 16, 2009 Order also warned counsel and plaintiff that the case would be summarily dismissed if a response was not timely received.

      The court therefore makes the following orders:

      1.     Mr. Thurman shall pay sanctions in the amount of **$500.00**.  Payment should be in the form of a check made payable to the Clerk of the Court.  The sum is to be paid personally by plaintiff's counsel **not later than ten (10) days** from the filing of this Order for Sanctions.

2.     This sanction is personal to the attorney, is to be borne by him personally, and is not to be transmitted to the client by way of a charge of attorney's fees and/or costs.

3.     Counsel is further reminded that payment of $150.00 is additionally due pursuant to the court's November 16, 2009 Order. Said payment is now overdue.  If counsel does not pay said amount within **ten (10) days** of the date of this Order, the court may impose further monetary sanctions by separate order.

4.     **Not later than twenty (20) days from the filing of this Order, plaintiff's counsel shall file a declaration attesting to his compliance with the terms of this Order.**

5.     Plaintiff's case is dismissed for failure to prosecute, Fed. R. Civ. P. 41(b), and for repeated failures to respond to the court's orders, <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  With respect to dismissal for failure to follow court orders, the court has reviewed the five factors set forth in <u>Ferdik</u> and finds that each warrants dismissal of plaintiff's case.

6.     The hearing set for January 29, 2010 is VACATED.

IT IS SO ORDERED.

DATED:  January 19, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

2